Judge Underwood
delivered the opinion of the court.
Bates agreed to execute his note of hand to Letcher for the amount of an open account* and that the note should be dated on the 18th of December, 1828. The object of the parties was, no doubt, to. let interest tun from that date. Letcher’s *525 clerk in drawing the note, through mistake, dated it 18th of December, 1829, and it was signed and delivered by Bates. Afterwards, when the mistake discovered by the clerk, he, without the knowledge privity or consent of Letcher or Bates, changed the 9 into an 8 so as to make the date of the note correspond with the agreement of the parlies. Is such alteration fatal under the plea of non est factum? The facts as well as law, were submitted to the court on an agreed case.
Alteration of a dee(] by ra-ing^’aciclftion" drawingaline through the the^^emain*1 legible) or by writing new ^tete0r]8(jUpion any material part, by any whom-theVob’%or,Pt renders the’ deed
daté°of0a note, though made by clerk witkouUhe^ consent or knowledge of °bliseet nullifies the note.
The doctrine laid down in Shepherd’s Touchstone, 68, and recognized by this court as soundj in the case of the Bank of Limestone vs. Penick, V. Monroe, 32, declares that a deed looses its force and becomes void where, after its creation according to the requirements of law, it shall be altered by erasure, interline-ing, addition, drawing a line through the words (though they be still legible) or by writing new letters upon the old, in any material place or part of it; whether by the party, himself, that hath the property of the deed, or any other whomsoever, except it be by him that is bound by the deed. Whether the party to whom deed is made consent or do not consent to such alteration, makes no difference. The deed from the alteration becomes inoperative, with or without bis consent. Among the examples put, a change of date is given as one fatal to the abiding efficacy of a deed or obligation. It clearly results, that the alteration of the date in the present case, has destroyed the note, for the case of the Bank vs. Penick, applies the doctrine of the law to notes of hand, bills, &c. as well as to deeds, technically so called, or sealed instruments. 7 J 7
In Starkie II. vol. 476, it is said, “if .the deed be altered by the parly (obligee) himself, although but in an immaterial point, he thereby avoids the deed; for the law takes every man’s act most strongly against himself. An alteration by a stranger in an immaterial point, will not avoid the deed: but it is said to be otherwise if a stranger alter it in a material point, for the witnesses cannot prove it to be the deed of the party where there is any material alteration.”— From the reason assigned, a doubt has arisen whether any alteration by a stranger which does not so deface or obliterate the original deed as to render it *526 illegible, will amount to a total destruction of the in-stsument; for the Contents of the original may be satisfactorily found in many cases, notwithstanding the alteration; especially where the original words are still legible. If we were to say that wherever the original words of the deed could be read and proved, there an alteration should not be fatal, it would be establishing a position directly opposed to the test in Shepherd’s Touchstone, where it is said that “drawing a line through the words, though they be still legible, avoids the deed. Were we to say that no alteration by a stranger should avoid the deed (which seems to be doubted in Jackson vs. Malin, XV. Johnson, 297,) then in many cases where the obliteration was so effectual as to destroy the legibility of the original, it would amount to making deeds by the parol proofs introduced and tolerated. We do not perceive the propriety of making the rule depend upon the legibility of the original instrument. In the notes in IL Starkie, 476, it seems that an interlineation appearing and no evidence to shew how it was done, it will be presumed to have been done before the execution. A deed partly erased and interlined may, therefore, furnish prima facie evidence that it was executed as it appears; but the contrary may be proved, and then the deed is destroyed. Now to sustain the note and to get clear of the defence in this case, we ,must first nullify it, to get clear of what it purports to be on its face, and having done that, we must then impart an efficacy to it and render it valid,- as it was originally written. We find no rule in the books by which this can be done, and if we should make one, it would conflict, we think, with the case of the Bank vs. Penick. It is very clear that where the deed, from any cause, has been altered in a material matter, then it does not contain the contract of the parties; and if the contract is reached and enforced by letting in parol proof to shew what the deed originally was, it is equally clear, that the judgment or decree does not rest on the deed as exhibited, but on the parol proof. It seems to us, therefore, that the deed in such a case should not be proceeded on as the foundation of the action; that it is void under the authorities; and that the party aggrieved by its destruction, must seek another remedy.
Alteration of a deed by a stranger, in a material part, avoids the deed.
It seems, that when an in-terlineation appears in a deed,and there is no evidence shewing how it was made, it -will be presumed to have been done before the execution.
Deed, which has been altered in a material part, cannot be used as the foundation of an action.
Owsley, for plaintiff; Anderson, for defendant.
It has been attempted to support the note and its alteration, upon the ground of an implied authority in Letcher’s clerk to make the alteration. We perceive nothing on which a presumption of that kind can rest. The note, when executed and delivered, bore the date of 1829. It became the act and deed of Bates, binding him to pay interest from that date. The clerk had done all he was requested to do; to-wit, wrote the note, although he placed an erroneous date.— Bates adopted it as written, by signing and delivering it, and gave no authority express or implied, to make any alteration in it increasing his liability.
Wherefore, the judgment is affirmed, with costs.